IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-582-GKF-TLW |
| | ) | |
| AVALON CORRECTIONAL SERVICES, | ) | |
| INC., AVALON COMMUNITY CENTER | ) | |
| INC., SOUTHERN CORRECTIONS | ) | |
| SERVICES, INC., RIVERSIDE | ) | |
| TRANSITIONAL CENTER, L.L.C., | ) | |
| DONALD COFFMAN, individually, | ) | |
| BOBBIE GREEN, individually, HEATHER | ) | |
| GRIFFITHS, individually, EARNEST | ) | |
| SAULSBURY, individually, YOLANDA | ) | |
| CLINCKSCALE, individually, STEPHEN | ) | |
| GRAGG, individually, CYNTHIA NEWTON, | ) | |
| LPN, individually, JACKIE JEFFERSON, | ) | |
| RN, individually, DR. DON SUTMILLER, | ) | |
| individually, DR. LARRY BOWLER, | ) | |
| individually, DR. MICHAEL JACKSON, | ) | |
| individually, DONALD E. SMITH, | ) | |
| individually, JUSTIN JONES, individually, | ) | |
| REGINALD HINES, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the court are the Motion to Dismiss Third Amended Complaint [Dkt. #94] filed by defendants Donald Coffman and Donald E. Smith and the Motion to Dismiss Third Amended Complaint [Dkt. #96] filed by defendants Dr. Larry Bowler, Stephen Gragg, Reginald Hines, Dr. Michael Jackson, Justin Jones, Cynthia Newton and Dr. Don Sutmiller.[1]  Both motions seek

---

[1] Plaintiff, in his responses to defendants' motions, referenced and attached an addendum to a contract between the Oklahoma Department of Corrections and the Riverside Transitional Center, LLC, and an excerpt from the deposition of Coffman. [Dkt. #99, Exs. 1 and 2; Dkt. #101, Exs. A and B].  Pursuant to the scope of review prescribed by Fed.R.Civ.P. 12(b)(6), the court has considered only the allegations set forth in the complaint.  *See Kamplain v. Curry County*

dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants Avalon Correctional Services, Inc., Riverside Transitional Center, L.L.C., and Southern Corrections Systems (collectively referred to as "Avalon")[2] are the private contract operators of Riverside Community Center in Tulsa, Oklahoma ("Riverside"), an Oklahoma Department of Corrections ("ODC") prison facility. Plaintiff, a former inmate at Riverside, alleges he was injured in a fall in his cell, and subsequently deprived of adequate medical treatment. He asserts claims of deprivation of civil rights pursuant to 42 U.S.C. §1983, negligence, and false imprisonment, and he seeks actual and punitive damages.

Smith is the Chief Executive Officer of Avalon Community Center, Inc., the owner of Riverside. Coffman is the Administrator of Riverside. Collectively, they are referred to herein as the "Riverside Defendants."

Dr. Bowler and Dr. Sutmiller, ODC employees, provide medical services to inmates at Riverside. Dr. Jackson is the Chief Medical Officer for the ODC. Jones and Hines are the Director and Deputy Director, respectively, of the ODC. Gragg is an employee of ODC and an alleged decision-maker and policy-maker with regard to medical policies and procedures at Riverside.[3] Cynthia Newton, LPN, is listed as a defendant in the case style, but not identified or

---

*Bd. of Comm'rs*, 159 F.3d 1248, 1250 (10th Cir. 1998).

[2] On June 16, 2011, plaintiff filed a Notice of Dismissal Without Prejudice as to Defendant Avalon Community Services, Inc. [Dkt. #105]. Plaintiff stated therein that Avalon Community Services, Inc., had been mistakenly referred to in the Third Amended Complaint as "Avalon Community Service Inc." and "Avalon Community Center, Inc."

[3] The Third Amended Complaint also alleges Gragg was the medical supervisor for Riverside. [Dkt. #91, ¶32].

2

described in the "Parties" section of the Third Amended Complaint. Collectively, they are referred to herein as the "ODC Defendants."

### I. Allegations of Third Amended Complaint

Pruitt alleges that he fell while climbing down from his bunk bed on September 19, 2008, breaking his foot and/or ankle. [Dkt. #91, ¶¶19-20]. He asserts that the fall occurred because the wrapping around a peg on the side of the bed that served as a step or rung was secured in a negligent manner, and slipped. [*Id.,* ¶19]. He contends that despite repeated attempts to obtain medical treatment and defendants' actual knowledge he required immediate medical attention, defendants denied him medical treatment until the next day, pursuant to an official policy and procedure in effect at Riverside. [*Id.,* ¶21]. Plaintiff was taken to the hospital the following day, and diagnostic films confirmed he had a broken foot/and or ankle and would require surgery. [*Id.,* ¶22]. Due to the delay, his foot and leg were so swollen that surgery was impossible until the swelling abated, but medical providers stressed that surgery could not be delayed more than two weeks. [*Id.*]. Defendants were made aware of Pruitt's need for prompt future medical care. [*Id.*]. The hospital scheduled Pruitt for an appointment with an orthopedic surgeon for necessary follow-up treatment and surgery. [*Id.*, ¶23].

The Third Amended Complaint alleges that in the days prior to his appointment with the orthopedic surgeon, defendants advised Pruitt that he would not be allowed to see the surgeon. [*Id.*, ¶24]. Instead, they required Pruitt to wait until he was discharged from the custody of the Department of Corrections to seek and obtain surgical attention on his own. [*Id.*]. Pruitt alleges defendants had actual knowledge that they were denying him needed medical care and their denial of care would cause him additional injuries. [*Id.*].

Additionally, plaintiff alleges that although the hospital had provided him with pain medication, defendants intentionally and knowingly denied him access to his medication, failed to safeguard the medication, and negligently stored and disbursed the medication. [*Id.,* ¶25]. As a result, Pruitt had to "needlessly suffer" without doctor prescribed pain medication. [*Id.*]. Coffman told plaintiff not to bring replacement medication to the facility. [*Id.*].

Plaintiff alleges he repeatedly asked defendants for medical treatment and requested that he be released early so he could seek treatment on his own, but he was denied both requests. [*Id.,* ¶26]. On October 17, 2008, Pruitt completed his prison sentence and was released. [*Id.,* ¶27]. He alleges he sought treatment for his injuries, but was advised too much time had passed for him to obtain surgery. [*Id.*].

Plaintiff alleges that as a result of the delay in medical treatment caused by defendants, he sustained permanent injury and disability. [*Id.*]. His foot and ankle are now deformed, continue to be painful and do not function properly. [*Id.*].

### A. Allegations Regarding the Riverside Defendants

The Third Amended Complaint alleges that Smith and Coffman adopted and used policies and procedures that were certain to deprive inmates of necessary medical treatment and prescription medications; failed to adequately train and supervise Avalon employees to prevent the deprivation of inmates' rights to medical treatment and medication; and failed to maintain the prison facility in a safe condition free from such hidden dangers resulted in the damages to plaintiff. [*Id.,* ¶30]. The Third Amended Complaint alleges:

> By way of example and not meant to be an exhaustive list, the acts of Donald E. Smith that resulted in the herein complained of damages include:
>
> a.  Executing a contract for private operation of Riverside that establishes an

> emergency medical treatment policy that limits the provision of emergency medical care to inmates at Riverside to situations where the loss of life or limb is threatened; and
>
> b.  Establishing an emergency medical treatment policy that fails to provide for emergency medical treatment for prisoners in situations where loss of life or limb is not threatened.
>
> By way of example and not meant to be an exhaustive list, the acts of Donald Coffman that resulted in the herein complained of damages include:
>
> a.  Adopting and enforcing at Riverside the emergency medical treatment policy contained in the contract for operation of Riverside that limits emergency medical treatment to prisoners at risk of loss of life or limb;
>
> b.  Training prison personnel to only provide emergency medical treatment where loss of life or limb is threatened;
>
> c.  Failing to train prison personnel to recognize and respond to emergency situations that require emergency medical treatment but don't cause a loss of life or limb, such as traumatic bone fracture;
>
> d.  Failure to train and supervise prison personnel to provide medical treatment mandated by emergency room doctors for inmates including Mr. Pruitt;
>
> e.  Establishing and enforcing policies and procedures at Riverside that failed to safeguard Mr. Pruitt's prescription pain medication; and
>
> f.  failure to train and supervise prison personnel to properly safeguard Mr. Pruitt's prescription medication.
>
> g.  Refusing to allow replacement pain medication to be delivered to Riverside for Mr. Pruitt's use.

[*Id.*]. The Third Amended Complaint also alleges:

> The acts and/or omissions of Defendant Donald E. Smith included but are not limited to establishing, agreeing to, and implementing medical treatment policies and procedures for the Riverside facility that prohibited employees of Riverside from providing necessary medical treatment to inmates. The policies and procedures established, agreed to, and implemented by Donald E. Smith limited the provision of emergency medical treatment to situations that involved threat to life or limb. This standard is unconstitutional and generally violated the rights of all inmates at Riverside and specifically violated

5

Mr. Pruitt's right to necessary medical treatment.

[*Id.* at ¶35].

## B. Allegations Regarding ODC Defendants

### 1. Gragg, Jackson and Jones

Similarly, plaintiff alleges that Gragg, Dr. Jackson and Jones adopted and used policies and procedures that were certain to deprive inmates of necessary medical treatment and prescription medications and failed to adequately train and supervise Avalon employees to prevent the deprivation of inmates' rights to medical treatment and medication. [*Id.,* ¶32]. The Third Amended Complaint alleges:

> By way of example and not meant to be an exhaustive list, the acts of Defendants Stephen Gragg (the medical supervisor for Riverside), Dr. Michael Jackson (the Chief Medical Officer for the Department of Corrections), and Justin Jones (the director of the Department of Correction) that resulted in the herein complained of damages include:
>
> a. Adopting and enforcing at each of their respective positions in the policy-making hierarchy the emergency medical treatment policy contained in the contract for private operation of Riverside;
>
> b. Adopting and implementing at each of their respective positions in the policy-making hierarchy additional policies and procedures consistent with the emergency medical policy contained in the contract for private operation of Riverside;
>
> c. Adopting at each of their respective positions in the policy-making hierarchy a general policy or practice to deny prisoners' medical treatment;
>
> d. Failing at each of their respective positions in the policy-making hierarchy to provide training and supervision for the provision of emergency medical treatment under circumstances that do not threaten life or limb of prisoners;
>
> e. Failing at each of their respective positions in the policy-making hierarchy to train and supervise medical personnel to provide medical treatment mandated by emergency room doctors to Mr. Pruitt; and

  f. Adopting and enforcing at each of their respective positions in the policy-making hierarchy a policy to deny necessary medical care to prisoners who are near there [*sic*] release date.

[*Id.*].

## 2. Newton

The Third Amended Complaint alleges Newton and Jackie Jefferson (nurses at the Riverside facility) denied him medical treatment for his broken foot and/or ankle under conditions which made it obvious that medical treatment was necessary, denied him prescribed pain medications and prevented him from obtaining necessary surgery. [*Id.*, ¶33]. The complaint states:

> By way of example and to meant to be an exhaustive list, the acts of Defendants Cynthia Newton and Jackie Jefferson that resulted in the herein complained of damages include:
>
> a. Failing to obtain the surgery mandated for Mr.Pruitt by the emergency room doctors and other follow up medical treatment for Mr. Pruitt consistent with emergency room doctors' orders and Mr. Pruitt's needs;
>
> b. Refusing to replace or facilitate the replacement of Mr. Pruitt's prescription pain medication after it went missing; and
>
> c. Refusing to provide or arrange necessary medical treatment after examining or otherwise seeing Mr. Pruitt in the onsite medical facility at Riverside. As nurses for Riverside, they were gatekeepers to additional treatment and medical professionals capable of treating Mr. Pruitt.

[*Id.*]

## 3. Bowler and Sutmiller

The Third Amended Complaint alleges that Dr. Bowler and Dr. Sutmiller (physicians at the Riverside facility) denied plaintiff necessary medical treatment and pain medications and prevented him from obtaining a necessary surgery mandated by a treating physician. [*Id.*, ¶34].

The complaint states:

> By way of example and not meant to be an exhaustive list, the acts of Defendants Dr. Larry Bowler and Dr. Don Sutmiller that resulted in the herein complained of damages include:
>
> a.  Refusing to provide for or arrange necessary surgery for Mr. Pruitt's injury;
>
> b.  Advising Mr. Pruitt to wait until his release to seek follow-up care, including but not limited to a necessary surgery, for his broken foot after examining Mr. Pruitt or otherwise seeing him in the onsite medical facility at Riverside;
>
> c.  Failing to train or supervise medical personnel to properly safeguard Mr. Pruitt's prescription pain medication; and
>
> d.  Making medical decisions regarding the course of treatment for Mr. Pruitt's broken foot without the requisite orthopedic expertise and in contradiction to a prescribed course of treatment by an orthopedic surgeon.

[*Id.*].

### 4. Hines

The Third Amended Complaint alleges the acts and omissions of defendant Hines (Deputy Director of the ODC) that resulted in damages to plaintiff include the adoption and use of policies and procedures that were certain to generally deprive inmates of necessary medical treatment and that did deprive plaintiff of necessary medical care. [*Id.*, ¶36]. The complaint states:

> By way of example and not meant to be an exhaustive list, the acts of Reginald Hines that resulted in the herein complained of damages include:
>
> a.  Executing a contract for private operation of Riverside that establishes an emergency medical treatment policy that limits the provision of emergency medical care to inmates at Riverside to situations where the loss of life or limb is threatened; and
>
> b.  Establishing an emergency medical treatment policy that fails to provide for emergency medical treatment for prisoners in situations where loss of life

or limb is not threatened.

[*Id.*]

### C. Plaintiff's Theories of Recovery

Plaintiff asserts the following theories of recovery:

1. *Deprivation of federal civil rights in violation of 42 U.S.C. § 1983 as to all defendants*. Plaintiff alleges violations of his Fifth and Fourteenth Amendment due process rights and Eighth Amendment right against cruel and unusual punishment for failure to conduct the proper medical evaluations of plaintiff, delay in providing necessary medical care and failure to provide the necessary surgery in a timely manner, among other things.

2. *Deprivation of federal civil rights in violation of 42 U.S.C. § 1983 against defendants Avalon, Smith, Hines, Coffman, Gragg, Jackson and Jones.*[4]  Plaintiff alleges violation of his Fifth and Fourteenth Amendment due process rights and Eight Amendment right against cruel and unusual punishment based on these defendants' establishment of policies and procedures and failure to provide training and supervision related to medical care.

3. *Negligence against defendants Avalon Correctional Services, Inc., Riverside Transitional Center, L.L.C Southern Corrections Systems, Inc., Coffman, Green, Griffiths, Saulsbury and Clinckscale*.  Plaintiff alleges these defendants breached a duty to provide him with safe furniture and adequate medical care, and further breached their duty by allowing his medication to be lost, stolen or inappropriately disbursed.

---

[4]Although Hines is not listed as a defendant in the heading of the Second Theory of Recovery, he is listed in ¶47 as one of the defendants who made policy decisions that resulted in alleged violations of plaintiff's constitutional rights. [Dkt. #91, ¶47].

4. *False imprisonment against Avalon Correctional Services, Inc., Riverside Transitional Center, L.L.C Southern Corrections Systems, Inc., and Coffman.* Plaintiff alleges the Riverside facility lacked on site medical facilities to provide him with necessary care and treatment and restricted his freedom to obtain medical treatment, thereby unlawfully imprisoning him.

## II.  Analysis

### A.  Applicable Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow. *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974. Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248. The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context. . . .[and] the type of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)). A simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations (as in *Twombly*) or constitutional violations (as in *Robbins*). *Id*.

Although the court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–that the pleader is entitled to

11

relief." *Id.* The court need not accept as true the assertions in a complaint with "amount to nothing more than a formulaic recitation of the elements" of a claim. *Id.* (quoting *Twombly,* 550 U.S. at 554-55).

## B. Motion to Dismiss of the Riverside Defendants

Plaintiff has asserted all four theories against Coffman, the Administrator of Riverside. He asserts only the first and second theories of recovery against Smith, the CEO of Avalon Community Center, Inc.

### 1. First Theory of Recovery

Plaintiff's first theory of recovery asserts all defendants violated plaintiff's Eighth Amendment right against cruel and unusual punishment, as well as his Fifth and Fourteenth Amendment due process rights for failure to provide necessary medical care and treatment.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 102 (1976). Eighth Amendment claims alleging inadequate or delayed medical care involve both an objective an subjective component. *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001). The objective component is whether a medical need is considered "sufficiently serious," which in turn is based on whether the condition "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* However, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Id.* (citing *Sealock v. Colorado,* 218 F.3d 1205, 1210 (10th Cir. 2000). As for the subjective element, "a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk by failing to

take reasonable measures to abate it." *Id.*

The allegations concerning Smith all relate to his alleged role in the adoption of emergency medical treatment policies and training of prison personnel. [Dkt. #91 at 8, ¶30]. Similarly, all but one of the allegations concerning Coffman relate to his role in adoption of policies and training of personnel. The sole allegation of direct involvement by Coffman in the events giving rise to this lawsuit is that he "[r]efus[ed] to allow replacement pain medication to be delivered to Riverside for Mr. Pruitt's use." [Dkt. #91 at ¶30(g)].

Coffman and Smith cannot be held liable on the basis of *respondeat superior* for any constitutional deprivations committed by their subordinates. *Iqbal* at 1948 (citing *Monell v. Dept of Soc. Services,* 436 U.S. 658, 692 (1978)); *Dodds v. Richardson,* 614 F.3d 1185, 1197 (10nth Cir. 2010). Supervisor status by itself is insufficient to support liability under 42 U.S.C. § 1983. *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996). Rather, "personal participation is an essential allegation in a § 1983 claim." *Id.*

The court finds plaintiff has failed to state a claim for relief against Smith under his First Theory of Recovery because his complaint does not allege personal participation by Smith in any events surrounding his injury and treatment. Assuming the truth of plaintiff's factual allegations, the court finds plaintiff has stated a claim for relief against Coffman under his First Theory of Recovery, but only with respect to the allegation that Coffman refused to allow delivery of replacement pain medication to him.

### 2. Second Theory of Recovery

A plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility

for the continued operation of a policy that (2) caused the complained of harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds,* 614 F.3d at 1199.

The Third Amended Complaint alleges Coffman and Smith violated 42 U.S.C. § 1983 by establishing medical policies within Riverside and providing training and supervision regarding the medical evaluation of prisoners that failed to prevent cruel and unusual physical pain and suffering and/or permanent disability or disfigurement. Further, it alleges that Smith established a policy that denied prisoners in their custody prescribed medication.

The court finds these allegations are sufficient to state a cause of action against Smith and Coffman for a § 1983 action based on establishment of policy and/or failure to train.

### 3. Third Theory of Recovery

Plaintiff asserts a negligence claim against, *inter alia*, Coffman, the Administrator of Riverside. Plaintiff alleges Coffman was negligent in providing him with unsafe furniture and inadequate medical care.

The elements of a negligence claim are: (1) that defendant owed a duty of care to plaintiff; (2) that defendant breached that duty; and (3) that the injury and resulting damages were directly the result of defendant's failure to perform his duty. *See Stroud v. Arthur Andersen & Co.,* 37 P.3d 783, 788 (Okla. 2001). Plaintiff has failed to plead any facts demonstrating that any act by Coffman directly or proximately caused his injuries.

Therefore, plaintiff's negligence claim against Coffman must be dismissed.

### 4. Fourth Theory of Recovery

Plaintiff asserts that Avalon and Coffman falsely imprisoned him by refusing to release

him early so he could seek medical treatment. False imprisonment is a common law intentional tort. *Walters v. J.C. Penney Co., Inc.,* 82 P.3d 578, 583 (Okla. 2003). The elements of false imprisonment are (1) the detention of a person against his will and (2) the unlawfulness of the detention. *Id.* Plaintiff has failed to plead any facts demonstrating that Coffman personally refused to release him. Therefore, the false imprisonment claim must be dismissed as to Coffman.

### C.  Motion to Dismiss of ODC Defendants

#### 1.  Gragg, Jackson and Jones

ODC officials Gragg, Jackson and Jones are named as defendants in plaintiff's First and Second Theories of Recovery. They are each alleged to have adopted and implemented the emergency medical policy contained in the contract for private operation of Riverside; to have failed to provide training and supervision for the provision of emergency medical treatment under circumstances that do not threaten life or limb of prisoners; to have failed to train and supervise medical personnel to provide medical treatment mandated by emergency room doctors to plaintiff; and to have adopted and enforced a policy to deny necessary medical care to prisoners who are near their release dates.

The Third Amended Complaint contains no allegations that Gragg, Jackson or Jones were personally or directly involved in the events giving rise to this lawsuit. Therefore, the First Theory of Recovery must be dismissed with respect to these defendants.

The Third Amended Complaint alleges facts that, taken as true, sufficiently state a claim § 1983 claim for adoption of policies and failure to train. Therefore, these three defendants' Motion to Dismiss is denied with respect to the Second Theory of Relief**.**

### 2. Newton

Newton is named as a defendant in the First Theory of Recovery under § 1983. Newton is identified in the style of the case as an LPN. The Third Amended Complaint alleges Newton and Jackie Jefferson, RN, failed to obtain surgery mandated for plaintiff by emergency room doctors, refused to replace plaintiff's prescription pain medication and refused to provide necessary medical treatment after examining or otherwise seeing plaintiff at the onsite medical facilities at Riverside. [Dkt. #91, ¶33(a)-(c)]. Additionally, plaintiff alleges: "As nurses for Riverside, [Newton and Jackson] were gatekeepers to additional treatment and medical professionals capable of treating Mr. Pruitt." [ *Id.,* ¶33(c)].

The court finds plaintiff's allegations adequately state a claim for relief against Newton. Therefore, the Motion to Dismiss is denied with respect to her.

### 3. Bowler and Sutmiller

Dr. Bowler and Dr. Sutmiller–both physicians at the Riverside facility–are named as defendants in the First Theory of Recovery for violation of § 1983. They are alleged to have refused to provide for or arrange for surgery for his injury, failed to train or supervise medical personnel to properly safeguard his prescription pain medication and made medical decisions regarding his broken foot without requisite orthopedic expertise and in contradiction to a prescribed course of treatment by an orthopedic surgeon.

The court finds the Third Amended Complaint adequately states a § 1983 claim for deprivation of constitutional rights against Dr. Bowler and Dr. Sutmiller.

### 4. Hines

Hines, the Deputy Director of the ODC, is named as a defendant in the First and Second

Theories of Recovery under § 1983.  However, the factual allegations concerning Hines relate solely to his alleged role in execution of the ODC's Riverside contract and to establishment of an emergency medical treatment policy that fails to provide for emergency medical treatment for prisoners in situations where loss of life or limb is not threatened.

The Third Amended Complaint does not allege any direct involvement by Hines in the events giving rise to this lawsuit.  Therefore, the court finds plaintiff has failed to allege facts supporting a claim under the First Theory of Recovery.  The Third Amended Complaint alleges sufficient facts to support a claim under the Second Theory of Recovery for adoption of policies that led to violation of his constitutional rights.

### III.  Conclusion

For the foregoing reasons, the Motion to Dismiss of Coffman and Smith [Dkt. #94] is granted in part and denied in part as follows:

- First Theory of Recovery–granted as to Smith and denied as to Coffman;
- Second Theory of Recovery–denied as to both Smith and Coffman;
- Third Theory of Recovery–granted as to Coffman;
- Fourth Theory of Recovery–granted as to Coffman.

The Motion to Dismiss of the ODC defendants [Dkt. #96] is granted in part and denied in part as follows:

- First Theory of Recovery–granted as to defendants Gragg, Jackson, Jones and Hines; denied as to defendants Newton, Bowler and Sutmiller;
- Second Theory of Recovery–denied as to defendants Gragg, Jackson, Jones and Hines.

ENTERED this 22nd day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma